**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**DENNIS J. CASTILLO MARADIAGA A207-735-806,**

**Plaintiff,**

**v.**

**PAM BONDI, Attorney General of the United States, KRISTI NOEM, Secretary Department of Homeland Security, JOSEPH EDLOW, Director U.S. Citizenship and Immigration Services and TONI M. HEAD, Field Office Director, Atlanta Field Office,**

**Defendants.**

**CIVIL ACTION FILE**

**NO. 1:25-CV-5683-MHC**

## ORDER

This case comes before the Court on Defendants' Motion to Remand [Doc. 5].

## I. BACKGROUND

On October 4, 2025, Plaintiff Dennis Javier Castillo Maradiaga filed a Complaint to compel Defendants to complete the adjudication of his N-400 Application for Naturalization. See generally Compl. [Doc. 1]. Plaintiff, who resides in Georgia, is a permanent resident of the United States seeking citizenship.

Id. ¶ 4. Plaintiff filed his Form N-400 application ("Application") to become a naturalized citizen on March 18, 2024. Id. ¶ 9. Plaintiff was interviewed in connection with the Application on June 6, 2024, and on July 17, 2024, United States Citizenship and Immigration Services ("USCIS") issued a Notice of Intent to Deny ("NOID"), alleging that Petitioner may have submitted a fraudulent enrollment verification letter as part of a prior DACA ("Deferred Action for Childhood Arrivals") application. Id. ¶¶ 10-11. Plaintiff responded to the NOID on August 6, 2024, explaining that he was a victim of an immigration scam perpetrated by a woman who was criminally charged with posing as an immigration attorney and defrauding hundreds of immigrants in Georgia. Id. ¶ 12. More than 120 days have passed since Plaintiff's June 6, 2024, interview, and USCIS has not issued a final decision on Plaintiff's N-400 Application for Naturalization. Id. ¶ 13.

On January 5, 2026, Defendants filed a Motion to Remand this action to the USCIS so that it may issue its decision on Plaintiff's eligibility for United States citizenship, including an order that USCIS issue a decision within ninety (90) days after entry of the Court's remand order. Mot. to Remand at 1, 8.

## II. DISCUSSION

When the USCIS fails to make a determination on an application for naturalization within 120 days after the applicant is interviewed, the applicant can seek a hearing before the appropriate district court. 8 U.S.C. § 1447(b). In such instances, the court may make a ruling on the application itself or it may "remand the matter, with appropriate instructions, to the [USCIS] to determine the matter." Id.

> Congress charged USCIS with the primary responsibility of processing applications for naturalization. See 8 U.S.C. § 1446; 8 C.F.R. §§ 334.2, 335.2, 335.3; Walji v. Gonzales, 500 F.3d 432, 433–34 (5th Cir.2007) (describing the statutory process for submitting and processing naturalization applicants); Martinez v. Sec[']y, Dept. of Homeland Sec., 670 F.Supp. 2d 1325, 1327 (M.D. Fla. 2009). However, Congress enacted 8 U.S.C. § 1447(b) to provide applicants with a mechanism to seek judicial review of a delayed naturalization application. See Walji, 500 F.3d at 438 (noting that "a central purpose of the statute was to reduce the waiting time for naturalization applicants"); United States v. Hovsepian, 359 F.3d 1144, 1159-1164 (9th Cir. 2004) (stating that "Congress intended to streamline the process of applying for naturalization" when it enacted § 1447(b)); Martinez, 670 F.Supp. 2d at 1327.

Edobor v. Onyango, 944 F. Supp. 2d 1338, 1340 (N.D. Ga. 2013) (alterations accepted); see also Abdelgalel v. Holder, 398 F. App'x 472, 475 (11th Cir. 2010) (holding that a district court obtains jurisdiction over a naturalization application if the USCIS fails to make a determination within 120 days of the examination of the applicant and, at that point, "the district court has two options; it can either

determine the matter itself or remand the matter to the USCIS for a determination.").

Defendant argues that the Court should remand this proceeding to the USCIS because "[c]ourts should defer to agencies that bear the statutory obligation to make the initial determination on particular matters within their presumed expertise and delegated authority," and "[r]espect for the agency's significant expertise particularly in the immigration context counsels deference to agency determinations." Defs.' Mem. of Law in Supp. of Mot. to Remand ("Def.'s Br.") [Doc. 5 at 3-10] at 7 (citing I.N.S. v. Orlando Ventura, 537 U.S. 12, 17 (2002)) ("The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides."). USCIS is prepared to issue a final decision within ninety (90) days of remand. Id. at 9.

Plaintiff opposes the remand, emphasizing that the "[t]he central purposes of § 1447(b) is to ensure that applicants are not trapped in administrative limbo," and remanding his case "would only prolong proceedings and defeat the remedial design of the statute." Pl.'s Opp'n Resp. to Defs.' Mot. to Remand [Doc. 6] at 3-4. Plaintiff contends that his "record is complete" and that USCIS has "recommended

his application for approval." Id. at 4. Defendants maintain that the record is not complete and

> the adjudication of Mr. Castillo Maradiaga's application will require, among other things, a reexamination of Mr. Castillo Maradiaga to ask follow-up questions pertaining to his NOID response, and further analysis to determine whether Mr. Castillo Maradiaga was lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of the INA in effect at the time of his admission, which is a pre-requisite to naturalization.

Decl. of Tony C. Nnabue (Jan. 22, 2026) [Doc. 7-1] ¶ 5.

The Court recognizes that Plaintiff has waited many months for the processing of his application. However, the more expeditious means of finally adjudicating his N-400 Application is to remand this case to the USCIS under directions from this Court to adjudicate it in a timely manner. While section 1447(b) gives the court discretion to adjudicate naturalization applications, the majority of courts considering the matter have acknowledged that the USCIS's primary function is to evaluate the merits of such applications and it is better-equipped to do so. See Rangoonwala v. Swacina, No. 08-21588-CIV, 2008 WL 5070299, at *2 (S.D. Fla. Nov. 25, 2008); see also Ventura, 537 U.S. 12, 17 (2002) ("[T]he agency can bring its expertise to bear upon the matter; it can evaluate the evidence; . . . it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides").

"The majority of courts that have exercised jurisdiction over a case pursuant to § 1447(b) have remanded the matter back to the USCIS rather than determine the matter." Gonzalez v. Swacina, No. 07-21251-CIV, 2008 WL 11408619, at *3 (S.D. Fla. Jan. 7, 2008) (citations omitted); Azaria v. Garland, No. 22-20425, 2022 WL 3586425, at *1-2 (S.D. Fla. May 3, 2022) (remanding case concerning N-400 application to USCIS with instructions to make a decision within thirty days); Silebi De Donado v. Swacina, 486 F. Supp. 2d 1360, 1365 (S.D. Fla. 2007) (collecting cases); Elshorbagi v. Melville, No. 1:05-CV-1926-GET, 2006 WL 8432846, at *3 (N.D. Ga. May 19, 2006); Al-Hawwari v. Chertoff, No. 1:05-CV-1823-RLV, 2006 WL 8432838, at *6 (N.D. Ga. Jan. 9, 2006). Additionally, under 8 U.S.C. § 1447(b), courts remand matters to the USCIS for determination even when the applicant opposes remand. See, e.g., Rehman v. Chertoff, No. 1:06-cv-2019- CC, 2007 WL 9710134 (N.D. Ga. Aug. 30, 2007).

## III. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Remand [Doc. 5] is **GRANTED**. This case is **REMANDED** to USCIS for further proceedings. It is further **ORDERED** that USCIS shall issue a decision on Plaintiff's application for naturalization within ninety (90) days from the date of this Order.

It is further **ORDERED** that the parties provide the Court with a joint status report concerning Plaintiff's N-400 Application within 100 days from the date of this Order.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 5th day of June, 2026.

MARK H. COHEN
United States District Judge